Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 9381 | **DATE** | 2/25/2004 |
| **CASE TITLE** | JEFF CONNERS vs. FORD MOTOR COMPANY | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

MEMORANDUM OPINION AND ORDER

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   Enter Memorandum Opinion And Order. Defendant's motion for summary judgment is granted.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | date docketed | 55 |
| ✓ | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | | | date mailed notice | |
| LG | courtroom deputy's initials | | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JEFF CONNERS,  )
              )
     Plaintiff,  )
              )
     vs.       )   No. 01 C 9381
              )
FORD MOTOR COMPANY,  )
              )
     Defendant.  )

FEB 2 0 2004

## MEMORANDUM OPINION AND ORDER

Plaintiff, Jeff Conners, brought this action against defendant, Ford Motor Company (Ford), alleging racial discrimination in violation of 42 U.S.C. § 1981. Defendant filed a motion for summary judgment which was granted after plaintiff failed to respond. 2003 WL 22159222 (N.D. Ill. Sept. 17, 2003). On September 24, 2003, plaintiff filed a motion for leave to file a late response, which we granted, vacating the earlier ruling. After full briefing by the parties, defendant's motion for summary judgment is again granted.

The court's function in ruling on a motion for summary judgment is merely to determine if there is a genuine issue of material fact for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). Only if the evidence on file shows that no such issue exists, and that the moving party is entitled to judgment as a matter of law, will the court grant the motion. Celotex Corp. v Catrett, 477 U.S. 317, 322-23 (1986); Bennett v. Roberts, 295 F.3d 687, 694 (7th Cir. 2002).

Ford has a Dealer Development (DD) program, whereby it assists a dealership operator in purchasing a dealership by providing the capital and allowing the operator to buy out

55

Ford's interest through dealership profits. Plaintiff alleges that he contacted Ford about participating in this program, but when he asked for an application he was told he could not participate because he is not black. Plaintiff suggests, in effect, that the DD program is an illegal private affirmative action program. We need not get into that, however, because the program in fact is not confined to minorities, although they primarily benefit from it, *see* Johnson v. Transportation Agency, Santa Clara, Califonia, 480 U.S. 616, 638-39 (1987); United Steelworkers of America, AFL-CIO v. Weber, 443 U.S. 193, 208 (1979), and plaintiff does not provide the kind of record necessary to support such a suggestion. Rather, his claim is intentional discrimination.

To establish a *prima facie* case for intentional discrimination under section 1981, plaintiff must show that (1) he is the member of a protected class; (2) he applied and was qualified to enter into an available contractual relationship; (3) he was rejected; and (4) the contract was awarded to an individual of a different race. Falkner Motor Sales, Inc. v. Toyota Motor Sales, U.S.A., Inc., 1996 WL 137642, *7 (N.D. Ill. 1996), citing McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973).

Plaintiff's claim may well fail because he never actually applied for the DD program. Taking his story as true, he asked a lower-level Ford employee for an application, was told that he could not get one (which the employee denies), but never followed up with a request to a person with managerial authority. This may not amount to an improper interference with his section 1981 right to contract. Nor is there any evidence that defendant had any interest in including Fox Lake Ford as a DD program dealer; indeed, the evidence is to the contrary. *See* Morris v. Office Max, Inc., 89 F.3d 411, 414-15 (7th Cir. 1996) ("[a] claim for interference with

the right to make and enforce a contract must allege the actual loss of a contract interest, not merely the possible loss of future contract opportunities.") Plaintiff argues that a "Prospective Dealer Application" he submitted in August or September 1998 should qualify as an application for the DD program because he referred Ford to this application and it contained all relevant information. Any alleged misconduct by Ford, however, took place over a year after the filing of that document and there is no indication that plaintiff was considering the DD program when he filed it.

Even if we consider that document as an application for the DD program, plaintiff would not qualify. Among other things, Ford requires that any participant have a certain amount of available capital – in this case, about $136,000. Plaintiff admits that he did not have this money available but claims that his mother promised him a gift of $150,000 in 1999. Even accepting this claim (which plaintiff did not make until he responded to this motion and which is inconsistent with his prior testimony) as true, plaintiff's debt (which he admits was approximately $92,000) ensured that he would not have enough unencumbered capital to participate in the program.

## CONCLUSION

For the foregoing reasons, defendant's motion for summary judgment is granted.

JAMES B. MORAN
Senior Judge, U. S. District Court

Feb 25, 2004.